

**SO ORDERED.**

**SIGNED this 1st day of September, 2016.**

_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LARRY DARNEL DANIEL, | ) | Case No. 16-80216 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| LARRY DARNEL DANIEL and | ) | |
| RICHARD M. HUTSON, II, TRUSTEE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Ad. Proc. No. 16-9014 |
| | ) | |
| JONES FAMILY HOLDINGS, LLC, | ) | |
| FRANK TODD WHITLOW, and | ) | |
| SHEILA DANIEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER DENYING MOTION TO DISMISS

THIS MATTER came before the Court for hearing on August 25, 2016, after due and proper notice, upon the Motion to Dismiss (the "Motion") filed by Defendant Jones Family Holdings, LLC ("JFH") to dismiss this adversary proceeding pursuant to Federal Rule of

Bankruptcy Procedure 7012(b), incorporating Federal Rule of Civil Procedure 12(b)(6) by reference, for failure to state a claim upon which relief can be granted. Edward Dilone appeared on behalf of JFH, Benjamin Busch appeared on behalf of the Debtor Plaintiff Larry Daniel (the "Debtor"), and Benjamin Lovell appeared on behalf of the Chapter 13 Trustee. Having reviewed the record in this case, the Motion, the Plaintiffs' response and memorandum of law, and having heard arguments from counsel, for the reasons stated below, the court will deny the Motion.

## FACTS

The Debtor initiated an adversary proceeding against JFH and Frank Todd Whitlow by filing a complaint on May 10, 2016 seeking to avoid the transfer of the Debtor's residence to JFH as constructively fraudulent pursuant to 11 U.S.C. § 548.  The complaint was amended on June 28, 2016, to include the Trustee as a necessary party, and to add Sheila Daniel, the Debtor's ex-wife, as a defendant.  Since the complaint was amended, an order entered July 11, 2016 lifted the automatic stay to allow JFH to proceed with evicting the Debtor from his residence. Additionally, the Debtor sought a preliminary injunction which was denied on July 14, 2016.  On July 18, 2016 Mr. Whitlow was dismissed voluntarily from the case.  The facts of this case were fully set forth in the oral ruling on the Motion for Preliminary Injunction on July 14, 2016, and are incorporated herein by reference.  They are taken as true for the purposes of this motion.

The amended complaint alleges that the Trustee may avoid the foreclosure sale to JFH pursuant to § 548(a)(1) because the transfer occurred within two years prior to the petition date, the Debtor was made insolvent by the transfer, and the Debtor received less than "reasonably equivalent value" in exchange for the transfer.  (Am.Compl. ¶¶ 33-41).  On August 1, 2016, JFH filed a Motion to Dismiss pursuant to Rule 12(b)(6), alleging that JFH is the current title owner of the residence, that the Debtor has failed to adequately state a claim, that JFH is a good faith,

2

third party purchaser protected by state law, and that the Rooker-Feldman doctrine, *res judicata*, and collateral estoppel prevent the Debtor from bringing a claim. JFH did not file a supporting memorandum or brief.

## JURISDICTION

Pursuant to *Stern v. Marshall*, 564 U.S. 462 (2011), adjudication of fraudulent transfer actions under 11 U.S.C. § 548 follows the practice of non-core proceedings with the bankruptcy court having authority only to enter proposed findings of fact and conclusion of law, despite the cause of action being listed in 11 U.S.C. § 157(b) as core. *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2174 (2014). Nonetheless, pursuant to *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015), bankruptcy judges can adjudicate non-core proceedings and enter final orders and judgments with the consent of all parties. JFH alleges that this proceeding is non-core, and consents to entry of final orders or judgment by the bankruptcy court.

## STANDARD OF REVIEW

Rule 7012 of the Rules of Bankruptcy Procedure incorporates Federal Rule of Civil Procedure 12(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of all or part of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Plaintiffs may proceed into the litigation process only when their complaints are "justified by both law and fact." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

The standards set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) with regard to a motion to dismiss pursuant to Rule 12(b)(6) guide the court in determining whether or not to dismiss the counts of the Debtor's Complaint. Thus, each count of the Complaint will survive the Motion to Dismiss only if the Complaint contains "sufficient factual matter, accepted as true, 'to state a claim for relief that is

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The United States Supreme Court set forth this plausibility standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citations omitted).

To determine plausibility, all facts set forth in the Complaint are taken as true. However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" will not constitute well-pled facts necessary to withstand a motion to dismiss. *Nemet Chevrolet, Ltd. v. Consumerafffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

In analyzing the counts of the Complaint in light of the Motion to Dismiss, the court will determine if the Plaintiffs have "nudged [their] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The court will also consider documents incorporated into the Complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## ANALYSIS

The Plaintiffs can withstand JFH's Motion to Dismiss pursuant to Rule 12(b)(6). Taking all alleged facts as true for the purposes of adjudicating the Motion, the Plaintiffs do state a claim upon which relief can be granted. Additionally, JFH's various defenses to the Motion are inapplicable.

*Whether the Debtor states a claim*

The Plaintiffs are claiming that JFH's foreclosure purchase of the Debtor's residence was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B):

> The trustee may avoid any transfer[1] . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . . received less than a reasonably equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . .

To survive a Motion to Dismiss, the Plaintiffs must merely demonstrate the plausibility of their claim, element by element. It is uncontested that within the last two years prior to the filing of the petition, the transfer of an interest of the Debtor in property was made, leading to the Debtor's insolvency. The central issue in this case, and the element on which JFH claims the Plaintiffs have failed to meet their burden, is whether the Debtor received "reasonably equivalent value" in exchange for the transfer.

A claim under Section 548 (a)(1)(B)(i) requires that the Debtor received less than a reasonably equivalent value in exchange for the transfer. In *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994), the Supreme Court held that so long as state foreclosure law requirements are met, the price received at a mortgage foreclosure sale conclusively establishes reasonably equivalent value. *Id*. at 545. While *BFP* is silent on non-mortgage foreclosures, the Middle District of North Carolina has extended the *BFP* analysis to tax lien forced sales, writing:

> The debtors rely on this limiting language [regarding mortgage foreclosures] for their contention that, for purposes of the tax sale of their property, the defendants did not pay a reasonably equivalent value. The debtors, however, fail to

---

[1] For the purposes of § 548, "a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee . . ." 11 U.S.C. § 548(d)(1).

5

recognize that "market value, as it is commonly understood, has no applicability in the forced-sale context; indeed, it is the very *antithesis* of forced-sale value." *Hollar v. Myers (In re Hollar)*, 184 B.R. 243, 252 (Bankr. M.D.N.C. 1995) (quoting *BFP,* 511 U.S. at 537). In *Hollar*, real property with alleged fair market value of $18,700 was sold at a tax sale pursuant to North Carolina law for $8,200, and as the sale was not procedurally deficient, the $8,200 sale price stood as reasonably equivalent value for purposes of evaluating a fraudulent conveyance claim. *Id*. at 251-252.

The Eastern District of North Carolina has further extended *Hollar* to nonjudicial foreclosure sales by associations, noting that the essential hallmarks of procedural fairness are present in nonjudicial foreclosure sales so as to reasonably extend the *Hollar* analysis:

> In reaching [its] conclusion, the [*Hollar*] court recognized that the statutory schemes governing tax foreclosures and mortgage foreclosures share numerous similarities, including the posting of a public notice of sale, requiring public auction with competitive bidding, and each providing a period by which the property owner may exercise their equity of redemption. . . . the statutory procedures governing tax foreclosures are as adequate as those protections afforded in non-judicial mortgage foreclosures in North Carolina.

*Callaway v. Cimarron Homeowners Ass'n (In re Roszkowski)*, 494 B.R. 671, 680 (Bankr. E.D.N.C. 2013). In *Roszkowski*, the court considered a nonjudicial sale based on an association lien, and the property was valued at $50,000 but sold for only $9,500. *Id.* at 674. In analyzing *BFP* and *Hollar*, the court concluded that nonjudicial sales were subject to the same analysis for reasonably equivalent value as in mortgage foreclosures and tax lien sales. *Id*. at 680. What constitutes a sufficient defect in the sale procedure to warrant examination of reasonably equivalent value is a matter of state law.

In North Carolina, an action to set aside a foreclosure sale requires more than alleged inadequacy of the purchase price; in addition to the purchase price, there must be some other irregularity in the sale. *Griffin v. Roberts*, 364 S.E.2d 698, 699–700 (N.C. App. 1988). Setting

6

aside a foreclosure sale requires the court, "(1) to evaluate the adequacy of the sales price, (2) to identify whether any irregularities occurred in connection with the sale, and (3) to determine if the irregularities were material." *Beneficial Mortg. Co. of N.C. v. Peterson*, 592 S.E.2d 724, 728 (N.C. App. 2004) ; *see also In re Dowdy,* No. 09–00336, 2009 WL 3336116, at *4 (Bankr. E.D.N.C. Oct. 14, 2009) (holding that identifying defects in the sale that were immaterial to the sale price do not provide justification to invalidate a sale).  A material defect cannot be established by relying only on the alleged inadequacy of the purchase price. *Dowdy*, 2009 WL 3336116 at *4.  Thus, there must be some identifiable, material defect in the sale to allow the court to consider the issue of reasonably equivalent value.

Looking to the alleged deficiencies with the transfer itself, the Plaintiffs allege that the substitute trustee breached his fiduciary duty to the Debtor by acting as the sale trustee while also representing the Association and presenting evidence to the Clerk, in so doing violating the neutrality of the substitute trustee's role by acting as advocate and witness.  While the allegation that the substitute trustee breached his fiduciary duty is a legal conclusion, the allegations that the trustee acted as advocate, witness, and trustee give rise to a plausible concern as to the potential impropriety of the foreclosure hearing.  And as to the materiality of the alleged sale deficiency, the Plaintiffs plausibly argue that if the substitute trustee was acting in a partisan nature, it is possible that his fiduciary obligation as trustee to the Debtor to maximize sale price under the foreclosure may have been breached.

JFH's position that the sufficiency of the Plaintiffs' claim with regard to the substitute trustee has been tested and rejected by the court is misplaced, as while JFH is correct that the court found in its ruling on the preliminary injunction that the Plaintiffs were unlikely to succeed on the merits (Dkt. 20), the legal test the Plaintiffs must now meet is markedly distinct.  For a

preliminary injunction, under the *Real Truth* requirements, the Debtor had to clearly demonstrate that he will likely succeed on the merits. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009). Now, the Plaintiffs need merely demonstrate the plausibility of their claim, a much lower burden, and one that the Plaintiffs have met. *Twombly*, 550 U.S. at 570.

*JFH's alleged status*

In addition to attacking the sufficiency of Plaintiffs' claims, in its Motion to Dismiss JFH alleges that it is a good faith, third party purchaser whose title is therefore protected by state law. The court need not deduce whether JFH is in fact a good faith, third party purchaser, as pursuant to 11 U.S.C. § 550(a)(1), the Trustee may always recover the property, or its value, from an initial transferee.  In *In re Se. Hotel Properties Ltd. P'ship*, 99 F.3d 151, 156 (4th Cir. 1996), the Fourth Circuit adopted the "dominion and control test" for determining an initial transferee, "the minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes." *Id.* at 154 (quoting *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 893 (7th Cir. 1988)).  The Fourth Circuit requires that an initial transferee have legal dominion and control, and that the transferee exercise that control over the property.  *Id*. at 156.

Here, JFH is an initial transferee.  As this court stated in its ruling on JFH's Motion for Relief in the main case no. 16-80216 (Dkt. 47), as of the expiration of the 10-day upset bid period, legal title of the Debtor's residence passed to JFH.  JFH then exercised its control over the property by pursuing eviction. As such, by operation of being the purchaser at the foreclosure sale, JFH became the first entity after the Debtor to have and exercise legal dominion and control

8

over the property, rendering JFH's alleged status under state law as a good faith, third party purchaser is no defense pursuant to § 550(a)(1).

*Rooker Feldman Doctrine, res judicata, and collateral estoppel*

JFH raises three other arguments that go to whether there is subject matter jurisdiction to hear Plaintiffs' complaint. First, JFH argues that the Rooker-Feldman doctrine precludes the bringing of Plaintiff's § 548 claim as, pursuant to the doctrine, federal district courts lack subject matter jurisdiction for the purpose of reviewing state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284–85 (2005). However, JFH's argument is inapposite, as the Rooker-Feldman doctrine does not apply against a litigant who was not a party to the prior state court action. *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994) (refusing to apply the Rooker-Feldman doctrine against a litigant who was not a party to the prior state court action). Further, a fraudulent conveyance action pursuant to § 548 is an entirely distinct federal claim from state court foreclosure proceedings, and is not subject to the Rooker-Feldman doctrine. Indeed, the Rooker-Feldman cannot apply to fraudulent conveyance actions similar to the instant foreclosure sale, as otherwise the *BFP v. Resolution Trust Corp*. line of cases would not exist.

Similarly, *res judicata* and/or collateral estoppel do not preclude the Plaintiff's complaint seeking to avoid the transfer as fraudulent pursuant to § 548. State court judgments are not given preclusive effect in bankruptcy court for purposes of fraudulent conveyance actions, as those claims are the sole provenance of federal courts, and could not be raised in the state court proceeding. *C & M Invs., L.L.C. v. Jones (In re Jones)*, 209 B.R. 380, 384 (Bankr. E.D. Va. 1997). Since the § 548 claim could not be raised in state court and has thus not yet been litigated, and since the Trustee was not a party to the state court litigation, the claim is not barred

and the court retains subject matter jurisdiction. Similarly, the § 548 action is concerned with the question of reasonably equivalent value, which was never an issue in the state court proceedings, thus rendering collateral estoppel also inapplicable.

## CONCLUSION

As the Plaintiffs' claim is plausible pursuant to the *Twombley* and *Iqbal* rulings, it is therefore ORDERED that this Motion is denied.

[END OF DOCUMENT]

PARTIES TO BE SERVED

Daniel et al vs Jones Family Holdings, LLC et al

16-9014

Larry Darnell Daniel
6 Bonham Court
Durham, NC 27703

Benjamin Busch
4220 Apex Hwy Suite 230
Durham, NC 27713

Richard Hutson, II
Chapter 13 Office
P.O. Box 3613
Durham, NC 27702

Edward D. Dilone
P.O. Box 12107
Durham, NC 27709

William P. Miller
101 South Edgeworth St.
Greensboro, NC 27401